**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD VAN HAZEL,

      Petitioner,                Civil No. 05-CV-73401-DT
                                 HONORABLE BERNARD A. FRIEDMAN
v.                          CHIEF UNITED STATES DISTRICT JUDGE

TIMOTHY LUOMA,

      Respondent,

_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

      Richard Van Hazel, ("petitioner"), presently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his convictions out of the Oakland County Circuit Court for conspiracy to commit first-degree murder, M.C.L.A. 750.157a; M.C.L.A. 750.316, attempted kidnapping, M.C.L. A. 750.92; M.C.L.A. 750.349; carrying a concealed weapon, M.C.L.A. 750.227; two counts of possession of a firearm during the commission of a felony, M.C.L. A. 750.227b; and being a second habitual offender, M.C.L. A. 769.10.  For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed.

1

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Van Hazel,* 2002 WL 232030 (Mich.Ct.App. June 21, 2002); *lv. den.* 467 Mich. 934; 655 N.W. 2d 567 (2002).  Petitioner thereafter filed a state petition for writ of habeas corpus, which was denied. *People v. Van Hazel,* 05-5452-AH (Baraga County Circuit Court, July 21, 2005).

Petitioner has now filed the instant petition for writ of habeas corpus.  The allegations in the petition are rambling and difficult to understand, but it appears that petitioner's primary challenge to his conviction is that the Oakland County Circuit Court lacked jurisdiction to try him.  Petitioner also may be claiming that his Thirteenth Amendment right to be free from involuntary servitude has been violated by the State of Michigan.  Petitioner also claims, in conclusory fashion, that the State of Michigan concealed exculpatory evidence and that his trial counsel was ineffective for failing to present the same evidence to the jury.

## II.  Discussion

The petition for writ of habeas corpus must be dismissed because petitioner has failed to allege any facts showing that he is being detained in violation of the United States Constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v.*

2

*Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970).  After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claims are meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner's primary claim appears to be that the Michigan courts lacked jurisdiction to try him for the crimes for which he was convicted.  Petitioner appears to argue that the state courts lacked jurisdiction to try him because they never acquired a security interest over him, as required by the Uniform Commercial Code.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal

3

courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976).  Petitioner's claim that the state trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

Moreover, petitioner's jurisdictional claim is totally without merit.  Other courts have rejected similar jurisdictional claims as being frivolous.  Petitioner cannot divest the State of Michigan of jurisdiction to prosecute him of a criminal offense simply by declaring a security interest in himself pursuant to the Uniform Commercial Code or having another person do so. *See e.g. State v. Arnold,* 379 N.W. 2d 322, 323 (S.D. 1986)(trial court had jurisdiction over criminal defendant, even though defendant had declared natural individual sovereignty and declared the revocation of his marriage license, birth certificate, limited liability for perpetual succession of debt and credit, and social security indentures); *State v. Matzke,* 236 Kan. 823, 835-36; 696 P. 2d 396 (Kan. 1985)(a person may not exempt himself or herself from obligations under the law by declaring that he or she is an "absolute natural person" or by claiming to revoke some power

4

"formerly granted" to any and all government agencies); *Kerr v. Hedrick,* 89 Fed.

Appx. 962, 963 (6th Cir. 2004)(rejecting petitioner's claim that he was exempt from

punishment for his federal crimes because his rights derive exclusively from the

Moorish Science Temple of America); *United States v. Studley,* 783 F. 2d 934,

937 (9th Cir. 1986)(despite defendant's contention that she was an absolute,

freeborn and natural individual, she was a "person" under the Internal Revenue

code and thus subject to prosecution for willful failure to file tax returns)*; United

States v. Williams,* 532 F. Supp. 319, 320 (D.N.J. 1981)(rejecting claim that

federal government lacked jurisdiction to prosecute defendant who claimed to be

a citizen of the "Republic of New Afrika", finding that this was not a sovereign

nation recognized by the United States, but was, at most, a black separatist

movement).  In addition, any reliance by petitioner on the Uniform Commerical

Code (U.C.C.) in support of his jurisdictional argument is also without merit,

because the U.C.C. is inapplicable to criminal proceedings. *See United States v.

Humphrey,* 287 F. 3d 422, 435 (6th Cir. 2002); *United States v. Holloway,* 11 Fed.

Appx. 398, 400 (6th Cir. 2001); *Chandler v. Curtis,* 2005 WL 1640083, * 2 (E.D.

Mich. July 13, 2005).

Petitioner also appears to contend that his Thirteenth Amendment right to

be free from involuntary servitude has been violated.  The Thirteenth Amendment

has an express exception for persons who have been imprisoned pursuant to a

conviction for a crime. *See Pischke v. Litscher,* 178 F. 3d 497, 500 (7th Cir. 1999);

5

*See also Tracy v. Keating,* 42 Fed. Appx. 113, 116 (10th Cir. 2002)(Thirteenth Amendment's prohibition of slavery does not apply to the imprisonment of a person lawfully convicted of a crime); *Canell v. Multnomah County,* 141 F. Supp. 2d 1046, 1058 (D. Or. 2001)(convicted criminals are not protected by Thirteenth Amendment against involuntary servitude). This claim is therefore without merit. *See Williams v. Bouchard,* 2005 WL 1606507, * 2 (E.D. Mich. July 8, 2005).

Petitioner also claims that the State of Michigan concealed exculpatory evidence. It is unclear whether petitioner is alleging that the State of Michigan concealed exculpatory evidence at his trial, on his direct appeal, or in defending against his state habeas petition.

Suppression by the prosecution of evidence favorable to the defendant upon request violates due process, where the evidence is material to either guilt or punishment of the defendant, irrespective of the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The burden is on a habeas petitioner to prove that evidence that is required to be disclosed to him under *Brady* was not disclosed to him. *Coe v. Bell*, 161 F. 3d 320, 344 (6th Cir. 1998). Allegations that are merely conclusory or which are purely speculative cannot support a *Brady* claim. *Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004). Petitioner claims that the prosecutor withheld evidence that petitioner was merely seeking to convince the complainant to retract false testimony that he had offered against one of petitioner's friends in an unrelated

6

criminal case, in the hopes of getting that friend's conviction reversed or vacated. Petitioner has failed to offer any argument or otherwise show how this evidence exculpated him of his crimes. Petitioner is therefore not entitled to habeas relief on this claim. *Id.*

Petitioner also appears to argue that his counsel was ineffective for failing to present this evidence. A habeas petitioner's conclusory allegation that his attorney failed to adequately present a defense, without specifying what more his attorney could have done to strengthen his defense, is insufficient to establish ineffective assistance of counsel. *Campbell v. Grayson,* 207 F. Supp. 2d 589, 598 (E.D. Mich. 2002). The standard of prejudice for an ineffective assistance of counsel claim is the same as the materiality requirement for a *Brady* claim. *See Hutchison v. Bell,* 303 F. 3d 720, 749 (6th Cir. 2002). In light of the fact that petitioner has failed to offer any argument on how evidence that he attempted to get a prosecution witness to retract testimony against his friend would have exculpated him of his crimes, petitioner's claim is without merit.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or

7

agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. It would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Dell,* 194 F. Supp. 2d at 659.

8

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of

habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in
forma pauperis.*

_____s/Bernard A. Friedman_____

**HON. BERNARD A. FRIEDMAN**

CHIEF UNITED STATES DISTRICT JUDGE

DATED:   October 27, 2005

9